## COMPTON v. ECHOLS.

No. 1296.    Opinion Filed January 9, 1912.

(120 Pac. 637.)

**BROKERS**—Contract—Right to Commission. A . contract in writing, granting to a party for a valid consideration the right to sell certain land at not less than a certain price, and all received in excess of that price to go to the party making the same, as his commission or compensation therefor, which does not stipulate that such sale may be made on a credit, but is silent on that point, contemplates a sale for cash; and a sale made for a part in cash and the assumption of certain indebtedness of the grantor incumbering said land, without contemplating the full release of the grantor therefrom, does not comply with the terms of the contract.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*J. T. Johnson, Judge.*

Action by S. E. Echols against T. G. Compton. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*W. C. Austin* and *E. E. Gore,* for plaintiff in error.

*J. L. Carpenter,* for defendant in error.

WILLIAMS, J. On September 26, 1907, the defendant in error, as plaintiff, sued the plaintiff in error, as defendant, in the district court of Greer county, Okla. T., for the sum of $3,200, for the breach of a certain contract, in words and figures as follows:

"* * · * That the said party of the first part did on the 11th day of November, 1904, sell and convey by warranty deed to said party of the second part the following described land, to wit: The south one-half (½) section sixteen (16), township one (1) south, range twenty-one (21) west, in Greer county, Oklahoma Territory. The said second party giving in payment therefor his certain promissory notes the last of which notes is due on the first day of January, 1910. Party of the first part agrees and covenants with party of the second part that if party of the second part is forced to sell said above described land at forced sale for less than $20.00 per acre, then and in that event said party of the first part agrees to make good to said party of the second part the difference between the price at which the land sold of forced sale and $20.00 thereby making said land bring $20.00 per acre to said second party. It is covenanted and agreed between the first and second party that during the life of this contract, said first party reserves the right and is authorized to sell said above described land at any time he may secure a purchaser for $20.00, or more per acre, and said amount so received from the sale of said land, whether sold at public or private sale by either the first or second party over and above $20.00 per acre, shall become and is hereby made, the property of the said S. E. Echols, party of the first part, and payment of said overplus shall be made to the party of the first part; that either party hereto may sell said land for $20.00, or more at any time they may secure a purchaser therefor, but said land shall not be sold for less than $20.00 per acre unless both parties agree to said sale. That said second party further covenants and agrees that at any time said first party should sell or furnish a purchaser for said above described land for $20.00

or more per acre, said party of the second part shall execute warranty deeds therefor.    This contract shall continue in full force and effect until all the notes above mentioned given by the party of the second part, to the party of the first part, which notes are part payment of the purchase price of the above described land, are paid off and discharged, then this contract shall become null and void, otherwise, to remain in full force and effect."

On the erection of the state, the case, under the provisions of section 27 of the Schedule to the Constitution, was transferred to the district court of Jackson county.    After answer by the defendant and reply thereto by the plaintiff, the case was submitted to a jury, and a verdict returned in plaintiff's favor.

The plaintiff on the trial testified that he negotiated a sale to W. F. Tygart; that prior to that time he had been advised that the defendant was negotiating a trade as to said land to another party; that said W. F. Tygart offered to give $30 an acre for said land, in this way: by paying $1,200 cash on receipt of a deed from the defendant, and to assume in said deed the indebtedness against said land, which was secured by mortgage and notes executed by defendant, to wit, $3,200 to the Young-Carpenter Investment Company, and $2,000 to plaintiff.    The evidence on the part of the plaintiff shows that at the time the tender of $1,200 was made to defendant and a deed demanded the said Tygart, or the plaintiff for him, offered to assume the payment of the $3,200 to the Young-Carpenter Investment Company and the $2,000 to the plaintiff by its being so stipulated in the deed from defendant to said Tygart, but that no offer was made to have the defendant released from liability to the Young-Carpenter Investment Company for the $3,200, or any legal holder of said indebtedness.

The court instructed the jury as follows:

"If you find and believe from the evidence by a fair preponderance thereof that the plaintiff, S. E. Echols, did on or about the 20th day of September, and in accordance with the terms of said contract, procure one W. F. Tygart, who was ready, willing, and able to purchase the land mentioned in said contract, and pay therefor the sum of $30 per acre, and that the plaintiff so informed the defendant, T. G. Compton, and you

further find from the evidence that at the time he so informed him that he presented a deed of conveyance ready to be executed by the defendant, and that at the same time he tendered the price of said land at the rate of $20 per acre by the said purchaser, assuming all mortgage indebtedness against the said land, and tendered the balance of the purchase price in cash, and you further find that said offer on the part of the plaintiff and the said purchaser, Tygart, was made in good faith in due course of trade, coupled with the financial ability to carry it out, and you further find from the evidence that the defendant then and there failed and refused the offer, then such failure and refusal would be a breach of the contract and would entitle the plaintiff to recover herein, and, if you so find and believe, you will return a verdict in favor of the plaintiff, and for such sum as you may find from the evidence that he has been damaged, not to exceed the sum sued for in his petition, but, if you find otherwise from the evidence, you will return a verdict in favor of the defendant."

An exception was saved to the giving of this instruction, on the ground that the court erred in not instructing the jury that to make the tender good it must carry a release in favor of the defendant against the indebtedness held against him, which was secured by mortgage on said land. We think this exception is well taken.

The contract provides that:

"Said first party reserves the right and is authorized to sell said above-described land at any time he may secure a purchaser at $20 or more per acre, and said amount so received from the sale of said land, whether sold at public or private sale by either the first or second party, over and above $20, per acre, shall become and is hereby made the property of the said S. E. Echols, party of the first part, and payment of said overplus shall be made to the party of the first part."

Under all presumption of law, this contemplates a sale for cash, and not on a credit. *Masoner et al. v. Bell,* 20 Okla. 618, 95 Pac. 239, 18 L. R. A. (N. S.) 166; *Jones v. Moncrief-Cook Co.,* 25 Okla. 856, 108 Pac. 403.

It follows that the judgment of the lower court must be reversed, and the cause remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.